Attorney General Loving has asked me to respond to your request for an Attorney General's opinion addressing, in effect, the following question: Do the prohibitions contained in newly enacted 1994 Okla. Sess. Law, c. 229, 5, to be codified at 22 O.S. 1355.15, which prohibit the Indigent Defense Board from approving payments of any claims for fines, attorney fees, or court costs resulting from "contempt citations issued to attorneys defending indigent clients", also prohibit the Executive Director of the Indigent Defense System from approving such claims? Because the question you ask is susceptible to answer by reference to statutory provisions and rules of statutory construction, we respond to your request by issuing an informal opinion. The informal opinion is not the opinion of the Attorney General, but rather is the opinion of the undersigned counsel. Your inquiry results from two recent enactments by the Oklahoma Legislature. The first is contained in Senate Bill No. 1143 of the Second Regular Session of the Forty-fourth Legislature, 1994 Okla. Sess. Laws, c. 229. Section 5 of that Bill enacts a new section of law to be codified at 22 O.S. 1355.15: "The Indigent Defense Board shall not approve payment of any claims for fines, attorney fees, or court costs resulting from contempt citations issued to attorneys defending indigent clients." (Emphasis added.) The second enactment, House Bill No. 2533, 1994 Okla. Sess. Laws, c. 328, 3, amends the provisions of 22 O.S. 1355.4(C), by adding to the powers and duties of the Indigent Defense System's Executive Director. In pertinent part, the amended statute reads: "C. The Executive Director shall have the following powers and duties:. . . . 3. To review and approve or disapprove claims for expenditures of monies from whatever source, on a monthly basis;" Because the prohibition on approving payment of claims for fines, attorney fees or court costs resulting from contempt citations only speaks in terms of the Board's approval, you ask whether that prohibition also extends to the Executive Director when exercising his or her review and approval or disapproval of expenditure claims. As the Oklahoma Supreme Court held in Jackson v. Independent School Dist. No. 16,648 P.2d 26, 29 (1982), the "fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute." A plain reading of the provisions of 22 O.S. 1355.15, as amended by 1994 Okla. Sess. Laws c. 229, 5, makes it clear that the Legislature's purpose in enacting that provision was to ensure that the funds of the Oklahoma Indigent Defense System not be used to pay claims for fees, attorney fees or court costs resulting from contempt citations issued to attorneys defending indigent clients. While phrased in terms of an admonishment that the Board shall not approve such claims, I think it quite clear that the Legislature's intent was that such claims not be paid by the Indigent Defense System. Accordingly, I do not view the Executive Director's new powers to review and approve or disapprove claims, as an abrogation of the prohibition that the System not approve claims resulting from contempt citations issued to attorneys defending indigent clients. Only a hypertechnical reading of the enactments would reach a contrary conclusion. The Oklahoma Supreme Court has on many occasions held that: "Legislative acts are to be construed in such manner as to reconcile the different provisions and render them consistent and harmonious, and give intelligent effect to each." Abbott v. Bd. of Trustees of Oscar Rose. etc., 586 P.2d 1098, 1101 (1978). Also see, e g., Eason Oil Co. v. Corporation Com'n., 535 P.2d 283, 286
(1975). A recognition that the Legislature, in amending 22 O.S. 1355.4, empowered the Executive Director to review and approve or disapprove claims for expenditures of monies, is not inconsistent with the prohibition that the System not approve or pay claims for fees, fines or costs arising out of contempt citations issued to attorneys defending indigent clients. The provisions are not irreconcilably in conflict and, under the rule of statutory construction set forth above, both provisions should be given force and effect. Therefore, it is the opinion of the undersigned counsel that: 1. The newly enacted provisions of 1994 Okla. Sess. Laws, c. 229, 5, to be codified at 22 O.S. 1355.15, prohibit the Oklahoma Indigent Defense System from approving payments of any claims for fines, attorney fees or court costs resulting from contempt citations issued to attorneys defending indigent clients; and 2. The Legislature's amendments of 22 O.S. 1355.4(C), which added the power to review and approve or disapprove claims for expenditures of monies to the list of powers and duties of the Executive Director of the Oklahoma Indigent Defense System does not authorize the Executive Director to approve payments of claims for fines, attorney fees or court costs resulting from contempt citations issued to attorneys defending indigent clients.
(Neal Leader)